Judge Ewing

delivered the opinion of the court.
Tibbetts and Magruder entered into a mercantile partnership, on the 23d of December, 1833, by which each was to be an equal sharer in the profits, and be entitled to interest upon the capital put in, in money or merchandize.
It being discovered that the business was a losing one, on the 23d of July following, they dissolved, and the winding up of the concern was committed to Tibbetts.
In August following, Magruder executed his note to Tibbetts for $400, and afterwards executed, another note to him, for $450.
Judgments were recovered on these notes, at law, and Magruder filed his bill enjoining the collection thereof, and praying for a settlement of the concerns of the late firm. In an amended bill, he alleges that he executed those notes to Tibbetts, “to negotiate for money, by the sale and transfer of the same, for the benefit and advantage of said firm.’’
Tibbetts answering this amendment, states in substance, that there were debts outstanding against the late firm, for a large amount, and he ascertained that it had sustained a loss of upwards of two thousand dollars, and had informed the complainant thereof, and stated to him, that, as he would have to bear half the loss, he must execute the notes in contest to aid in meeting the engagements of the late firm; which was done with a full knowledge, on his part, of the condition of the late firm.
That he had entered them to the credit of the complainant on the books of the firm, which left still a ballance against him of upwards of two hundred dollars.
That, though he had not used the notes in controversy *80 to raise money, he had paid off the debts of the firm, leaving himself the only creditor.
The master in chancery, was directed to examine the books, and settle the accounts &c. and make report, which he did; and from which it appears that, the defendant had paid a large amount of debts against the late firm, and after allowing all credits shown, there appears to be a balance against the complainant of an amount exceeding the amount of the notes.
Upon the hearing, there being no exception to the report, the Chancellor sustained the bill, perpetuated the injunction, and decreed costs against the defendant. From which decree, the defendant has brought the case to this Court.
We think the injunction should not have been perpetuated.
According to the showing of the complainant, had the defendant assigned away the notes, to raise money to meet the engagements of the late firm, the complainant could not, at law or in chancery, have successfully resisted the recovery on them.
As the defendant advanced the money out of his own pocket, to meet those engagements, and the complainant is found in arrear to him more than their full amount, it would seem equitable to permit him to occupy the attitude of an assignee, in case they had been assigned, and to apply the proceeds to his own use. No greater injury has accrued to the complainant by retaining the notes, and raising the funds out of his own means, to meet the engagements of the concern, than if he had assigned them to another, and raised funds for the purpose in that form. The application of the notes to his own use, in consideration of the money raised out of his own means and applied in payment of the debts of the firm, is, in all equitable effect, an application of them to meet the engagements of the firm. Had the amount of the notes been advanced in money, to be applied in payment of the debts of the firm, and the defendant had paid off an equivalent amount of the debts, out of his own funds, the complainant would surely not be entitled to the aid of the Chancellor in recovering back the money so ad *81 vanced, on the ground that he had not applied it to the payment of the debts. It would readily be perceived, in such a case, that he would have no equity. So in the present case, as the defendant has advanced the money himself, instead of raising it by the assignment of the notes, and has taken the notes to himself, crediting the complainant with the full amount, and recovered judgments thereon at law, there still being a balance of debit against him, in favor of the defendant, over and above the amount of the notes, we can perceive no equitable principle that would justify the interposition of a court of equity in his favor, restraining the enforcement of the judgments. He, in fact, has advanced the money, as an individual, to the use of the late firm, upon the faith of the notes, and may be regarded as the equitable holder thereof, at least so far as to enable him to rebut successfully the equity of the complainant.
Decree reversed, and cause remanded, that the complainant’s bill may be dismissed, with costs and damages.